Thomas Keitt, et al., Plaintiffs, *v.* William Ross, et al., Defendants, and The Honorable Milton Shapp, Governor of the Commonwealth of Pennsylvania, et al., Additional Defendants.

Argued December 2, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Stephen F. Gold,* with him *Jonathan M. Stein, George Gould, Lawrence M. Lavin* and *Harold I. Goodman,* for plaintiffs.

*Louis F. Hinman, III,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy City Solicitor, *Sheldon L. Albert,* City Solicitor, and *Vincent J. Salandria,* for defendants.

*Burton D. Morris,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for additional defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, January 30, 1975:

This case is once again before this Court for a decision on preliminary procedural questions and not on the merits. The involved history of this case prior to the current transfer to this Court by order of the Court of Common Pleas of Philadelphia County is adequately reported in our prior decision and it would be repetitious to restate it. *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973). In *Ross* we held that the Commonwealth was not an indispensable party to plaintiffs' complaint in equity, and therefore, affirmed the lower court.

Following our decision in *Ross,* the defendants filed a third party complaint against the Honorable Milton Shapp, Governor, Israel Packel, Attorney General, John C. Pittenger, Secretary of Education, and Grace Sloan, State Treasurer, among others (hereinafter collectively referred to as additional defendants) to join them as additional defendants. Preliminary objections were filed to this complaint challenging the jurisdiction of the lower court to entertain the case in view of Section 401 (a) (1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P. S. §211.401 (a) (1), which arguably vests exclusive original jurisdiction of suits

against the Commonwealth in the Commonwealth Court. Additional preliminary objections in the nature of a motion to strike the complaint were also filed, but not decided by the lower court.

The preliminary objection as to jurisdiction was sustained by the lower court and by order the case was transferred to this Court pursuant to Section 503 (b) of the ACJA, 17 P. S. §211.503 (b). The additional defendants filed preliminary objections in this Court challenging the jurisdiction of this Court, which objections were consolidated by Order of this Court with the remaining preliminary objections undisposed of by the lower court prior to its transfer.

In view of our decision that this Court does not enjoy exclusive original jurisdiction, we will not dispose of the preliminary objections filed in the lower court, but will retransfer the case for further proceedings below.

Section 401 of the ACJA provides in pertinent part as follows:

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity . . . .

. . . .

"(b) The jurisdiction of the Commonwealth Court under this section shall be exclusive . . . except with respect to actions or proceedings by the Commonwealth or any officer thereof . . . where jurisdiction of the court shall be concurrent with the several courts of common pleas."

In its opinion, the lower court concluded that this section of the ACJA made it "clear that we are without jurisdiction."

The lower court's interpretation of Section 401 is accurate when considered without reference to Section 402 of the ACJA. Sections of statutes, however, must be con-

strued with reference to the entire statute and not alone. Statutory Construction Act of 1972, 1 Pa. C.S. §1922.

Section 402 provides in pertinent part:

"The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas in any of the following cases . . .:

"(1) All civil actions or proceedings to which the Commonwealth or any officer thereof . . . is a *party* . . . ."

(Emphasis supplied.)

Section 401 provides in essence that in those cases in which the Commonwealth is being directly sued (actions or proceedings against the Commonwealth), exclusive jurisdiction lies in this Court. On the other hand, when the Commonwealth is the plaintiff or moving party (actions or proceedings by the Commonwealth), the Commonwealth is afforded a choice of either initiating proceedings in this Court or in a court of common pleas of proper venue. This section thus recognizes and clearly delineates our *original exclusive* jurisdiction, not in traditional concepts of venue or the nature of the cause of action asserted, but rather in the identity of the moving or responding parties and, as we held in *Ross*, to a limited extent upon the role of the Commonwealth as a "party." Under Section 401 our jurisdiction is original and exclusive in actions or proceedings against the Commonwealth and original but concurrent with that of common pleas courts in actions or proceedings brought by the Commonwealth.

Section 402, however, in delineating our *appellate* jurisdiction from orders of courts of common pleas does not restrict our appellate jurisdiction to that class of cases in which the Commonwealth is the plaintiff or moving party, i.e., that class of cases in which the Commonwealth chose to initiate the action or proceeding in a court of common pleas, but rather bottoms our appellate

jurisdiction in a broader class of cases in which the Commonwealth is "a party" in the court below. This signifies to us a legislative awareness that there may be litigation properly initiated in a court of common pleas in which, by third party proceedings, the Commonwealth, although not an indispensable party, may conceivably be joined, in which cases the jurisdiction of the court of common pleas should not be ousted simply because such third party procedure was invoked. In such cases, our jurisdiction is not found in Section 401, rather our role is that of appellate review under Section 402.

With respect to actions or proceedings against the Commonwealth, we view Section 401 as conferring exclusive original jurisdiction in this Court where the Commonwealth is an original party defendant or is determined to be an indispensable party defendant. In this case, the original plaintiffs are a number of citizens, the original defendants are neither the Commonwealth nor an officer thereof, but local government officials. Nor is the Commonwealth an indispensable party in the cause of action asserted by plaintiffs. *Ross v. Keitt, supra.* Defendants in their third party complaint simply allege that the third party defendants are solely liable in the cause of action asserted by plaintiffs and that an appropriate decree should be entered against the third party defendants and not against the original defendants. While purporting to utilize Pa. R.C.P. No. 2251 et seq., the original defendants are in reality attempting to relitigate the issue of the indispensability of the Commonwealth in the cause of action asserted by plaintiffs.

We are cognizant of the fact that the interests of judicial economy and the right of litigants to a complete determination of an asserted cause of action, including assertions raised by third party proceedings are to be desired, but such concerns do not confer jurisdiction on a court where none exists.

Considering Sections 401 and 402 of the ACJA to-

gether and in light of the third party complaint assertions in this case, and having previously concluded that in plaintiffs' asserted cause of action that the Commonwealth is not an indispensable party to the proceeding, we conclude that this Court does not have original exclusive jurisdiction over the cause of action asserted and that original jurisdiction and venue properly lies in the Court of Common Pleas of Philadelphia County.

We enter the following

### ORDER

Now, January 30, 1975, the preliminary objections of the additional defendants are hereby sustained. Pursuant to Section 503(b) of the ACJA, 17 P.S. §211.503(b), this case is transferred to the Court of Common Pleas of Philadelphia County for further proceedings not inconsistent with this opinion.

The Chief Clerk is hereby directed to transfer the record of this case to the Prothonotary of the Court of Common Pleas of Philadelphia County together with a copy of the docket entries in this Court.