Township of Pleasant, Warren County, Pennsylvania, Petitioner *v.* Erie Insurance Exchange and The Bureau of Water Quality Management, Commonwealth of Pennsylvania, Department of Environmental Resources and The Pennsylvania Fish Commission.

Submitted on briefs, pursuant to an Order of June 11, 1975, to President Judge BOWMAN and Judges CRUM-

LISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James D. McDonald, Jr.,* with him *Quinn, Gent, Buseck & Leemhuis, Inc.,* for petitioner.

*John M. Wolford,* with him *MacDonald, Illig, Jones & Britton,* for defendant, Erie Insurance Exchange.

*Richard S. Ehmann,* Special Assistant Attorney General, for defendant, Commonwealth.

OPINION BY JUDGE KRAMER, December 11, 1975:

This case involves a petition for a declaratory judgment filed by the Township of Pleasant under the Uniform Declaratory Judgments Act.[1] The petition was filed against the Erie Insurance Exchange (Erie) and two agencies of the Commonwealth, the Bureau of Water Quality Management (Bureau) and the Pennsylvania Fish Commission. The only matter covered by this opinion is an issue raised *sua sponte* by this Court, *i.e.,* whether we have jurisdiction to entertain this suit. We hold that the Commonwealth agencies are indispensable parties to this suit and that, therefore, we do have jurisdiction.

On or about September 26, 1972, the Township allegedly discharged or permitted the discharge of certain

---

1. Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §831 et seq.

contaminates from a lagoon located on property maintained by the Township. The discharge entered an unnamed tributary of the Allegheny River resulting in a substantial fish kill. On or about July 11, 1973, the Bureau instituted an action for civil penalties before the Environmental Hearing Board in which the Bureau sought damages for the alleged violations of the Clean Streams Law,[2] and the rules and regulations of the Department of Environmental Resources. On September 13, 1973, the Fish Commission instituted a civil action in trespass before this Court. No complaint has yet been filed but the action remains pending.

The Township notified its insurance carrier, Erie, of the claims of the two Commonwealth agencies. Erie at first assumed the defense of the matter pending before the Environmental Hearing Board but then withdrew its defense and advised the Township that its coverage under its insurance policy did not extend to claims by agencies of the Commonwealth. On July 2, 1974, the Township filed its petition for a declaratory judgment requesting that judgment be entered declaring (1) that a policy of liability insurance issued by Erie to the Township does extend to any damages which occurred as a result of the discharge from the Township's lagoon; (2) that Erie has the obligation of providing the Township with a proper defense, including counsel fees, in the actions relating to the discharge; and (3) that Erie has the obligation of paying any damages awarded, by way of civil penalty or otherwise, relating to the discharge, up to the amount of its liability limit.

On June 11, 1975, the President Judge of this Court issued an order which stayed further proceedings pending a determination of the issue of this Court's jurisdiction. The President Judge ordered the parties to sub-

2. Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq.

mit briefs and stated that that issue would be decided on the briefs submitted.

The only question presented at this time is whether this Court has jurisdiction to entertain a petition for declaratory judgment where the real issue is the interpretation of a contract between two parties, neither of which is the Commonwealth or any of its officials acting in their official capacity. Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970 (ACJA)[3], reads in relevant part:

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof acting in his official capacity. . . ."

This jurisdiction is declared to be exclusive by Section 401(b) of the ACJA, 17 P.S. §211.401(b), which states in pertinent part:

"(b) The jurisdiction of the Commonwealth Court under this section shall be exclusive except as provided in section 201 of this act and except with respect to actions or proceedings by the Commonwealth or any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas."

Section 401 of the ACJA confers exclusive jurisdiction on this Court where the Commonwealth is an original party defendant or is determined to be an indispensable party defendant.[4] The issue to be determined is whether the Commonwealth agencies are indispensable party defendants.

We have held that the Commonwealth should not be declared an indispensable party to an action, unless the

3. Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1).

4. *Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975).

action cannot conceivably be concluded with meaningful relief without the Commonwealth becoming directly involved.[5] The Commonwealth argues that this holding is dispositive of the instant issue because meaningful relief can be granted without the Commonwealth becoming directly involved. We do not agree.

Section 11 of the Uniform Declaratory Judgments Act, 12 P.S. §841, reads in pertinent part as follows:

> "When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected* by the declaration and no declaration shall prejudice the right of the persons not parties to the proceedings. . . ." (Emphasis added.)

The Commonwealth agencies involved here clearly have a claim or interest which will be affected by the declaratory judgment sought by the Township.

Our Supreme Court has consistently held that where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier.[6] The failure to join a claimant whose interests would be affected has been held to be fatal error.[7]

We conclude that the Commonwealth agencies involved are indispensable party defendants and that, therefore, we do have jurisdiction.

---

5. *Comerford v. Factoryville Borough Council,* 16 Pa. Commonwealth Ct. 261, 328 A.2d 221 (1974) ; *Ross v. Keitt,* 10 Pa. Commonwealth C. 375, 308 A.2d 906 (1973).

6. *Mains v. Fulton,* 423 Pa. 520, 224 A.2d 195 (1966) ; *Carlsson v. Pennsylvania General Insurance Company,* 417 Pa. 356, 207 A.2d 759 (1965) ; and *Keystone Insurance Company v. Warehousing and Equipment Corporation,* 402 Pa. 318, 165 A.2d 608 (1960).

7. *Keystone Insurance Company, supra* note 6.