Royal Indemnity Company, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Environmental Resources; the Township of Wilkins; Turnway Corporation; and Joseph Soffer and Violet Soffer, his wife, Defendants.

Argued November 3, 1978, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*James F. Manley,* with him *Burns, Manley & Little,* for petitioner.

*Richard S. Ehmann,* Assistant Attorney General, and *John Daley,* with them, *Stanley R. Geary,* Legal Assistant, and *Brennan, Robins & Daley,* for respondents.

OPINION BY JUDGE ROGERS, December 19, 1978:

The Department of Environmental Resources (DER) and Turnway Corporation (Turnway) have

filed preliminary objections to a petition for declaratory judgment filed by Royal Indemnity Company (Royal) in this Court.

Joseph and Violet Soffer constructed a sanitary sewer line to serve their properties located in Wilkins Township, Allegheny County, Pennsylvania. Wilkins Township sought and obtained a permit for this line from the DER. Turnway sued the Soffers in the Court of Common Pleas of Allegheny County contending that the sewer was on its land. The chancellor, Judge LORAN L. LEWIS, held for Turnway and ordered the Soffers to remove the sewer from Turnway property and to pay money damages to Turnway for the trespass until the sewer was removed. The Soffers appealed this order to the Supreme Court of Pennsylvania and Royal acted as surety on the appeal bond. The Soffers' appeal was unsuccessful. *Turnway Corporation v. Soffer*, 461 Pa. 447, 336 A.2d 871 (1975).

DER, fearful of the consequences of the removal of a sanitary sewer without other provision for disposal of the effluent, issued an order directing the parties not to comply with the court's order in a manner which would violate The Clean Streams Law[1] by polluting the waters of the Commonwealth.

Turnway demanded compliance with the court order from the surety, Royal, and the Soffers seem to have directed Royal not to comply based on the DER order. Royal, believing itself to be the subject of conflicting demands of the parties and incompatible orders of the court and DER, filed the petition for declaratory judgment before us and, we understand, a similar petition in the Court of Common Pleas of Allegheny County.

---

[1] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq.

One of a number of preliminary objections to Royal's petition interposed by DER and Turnway raises the matter of this Court's jurisdiction over the subject matter, based on the assertion that DER is not an indispensable party. We agree that DER is not an indispensable party and will sustain the objection and transfer the petition to the Court of Common Pleas of Allegheny County.

The Commonwealth Court has original jurisdiction over the subject matter of a suit against the Commonwealth and other parties only where the Commonwealth is an indispensable party. *Ross v. Keitt*, 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973); *Keitt v. Ross*, 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975). With respect to declaratory judgment proceedings, we have held that Commonwealth agencies whose interest will be affected by the declaration sought by the plaintiff are indispensable parties. *Pleasant Township v. Erie Insurance Exchange*, 22 Pa. Commonwealth Ct. 307, 348 A.2d 477 (1975). We must therefore examine the petition for declaratory judgment to see whether DER has any interest which will be affected by the declaration sought by Royal. In the body of the petition, Royal avers twice that DER has directed the Soffers and Turnway not to comply with the court order. These averments misstate DER's order which tells the parties only that in complying with the court order they must not violate The Clean Streams Law, in other words that they should not simply remove the sewer permitting the effluent to flow into the waters of the Commonwealth. Further, the order of court doesn't direct the removal of the sewer in a fashion which would violate The Clean Streams Law. Surely no court has the power to declare that the order must be interpreted as compelling the parties to violate a statute. Hence, no declaration of law which could be made would affect any inter-

est of the DER in seeing that The Clean Streams Law was complied with.

Aside from the fact that the law, as we here concluded, confers jurisdiction on the Allegheny County Court of Common Pleas, it is plain that this controversy, insofar as it has any real substance, should be resolved in that court, if possible by Judge LEWIS.

ORDER

AND Now, this 19th day of December, 1978, the preliminary objections in the nature of petitions raising a question of this Court's jurisdiction are sustained; the record is accordingly transferred to the Court of Common Pleas of Allegheny County for further proceedings according to law.