Piper Aircraft Corporation, Plaintiff *v.* Insurance Company of North America and Commonwealth of Pennsylvania, Department of Transportation, Defendants.

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS AND WILLIAMS, JR., sitting as a panel of three.

*F. Hastings Griffin, Jr.,* with him *Carl Oxholm, III,* and of counsel, *Bernard A. Ryan, Jr., Dechert, Price & Rhoads,* for plaintiff.

*Henry H. Jansson,* with him *J. Grant McCabe, III, Rawle and Henderson,* for Insurance Company of North America, defendant.

*Gregory C. Santoro,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for Department of Transportation, defendant.

OPINION BY JUDGE WILLIAMS, JR., July 24, 1980:

Directed to this Court's original jurisdiction, Piper Aircraft Corporation (Piper) has filed a petition for review seeking declaratory relief under the Declaratory Judgments Act, 42 Pa. C. S. §7531 *et seq.* Named as parties-defendant are the Insurance Company of North America (INA) and the Pennsylvania Department of Transportation (Department). Plaintiff Piper requests this Court to determine the contractual duty, if any, of each defendant to bear the burden and expense of defending Piper in several damage suits arising from the crash of an airplane. The airplane was owned by Piper, leased to the Department, and insured by INA. Piper's petition has been met by preliminary objections filed by both defendants.

Piper's petition avers the following facts: On February 1, 1977 Piper leased a Cheyenne airplane to the Department for a term of one year. Under the provisions of the written lease the Department agreed to indemnify and "save" Piper harmless from all claims, liabilities, costs and expenses occasioned by the operation of the airplane during the term of the lease. In addition, the Department obtained from INA an insurance policy covering the airplane. Then, by subse-

quent endorsement on the policy, the insurance was extended to include Piper, as a co-insured with the Department. On February 24, 1977 the airplane crashed near Harrisburg, Pennsylvania, causing several fatal injuries. From that crash nine lawsuits have been commenced against Piper.

Count One of the petition is directed against INA but is made to include the Department as an indispensable party. Count Two is against the Department only. In the first count Piper asserts that under the insurance policy INA has an obligation to defend both it and the Department, but has not defended Piper in the crash lawsuits. The second count contends that the Department also has a duty to defend Piper in those lawsuits, pursuant to a covenant in the lease, but has failed to do so. It is these asserted obligations to defend that Piper asks us to determine and declare.

The preliminary objections filed by the defendants raise questions of this Court's jurisdiction to entertain the matter, assert that Piper's two counts constitute a misjoinder of actions, and move for a more specific pleading. With the case in that posture, we consider only the issues generated by the objections.

The plaintiff urges that this Court has exclusive original jurisdiction over the action laid in Count One of the petition, pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). That assertion is based on the premise that the Department is an indispensable party to the action against INA set forth in that count.

The plaintiff's contention recognizes the current state of the law. We have established the rule that for this Court to have exclusive original jurisdiction over a suit against the Commonwealth and another party, the Commonwealth must be an indispensable party to the action. *Royal Indemnity Co. v. Department of Environmental Resources,* 39 Pa. Commonwealth Ct.

322, 395 A.2d 641 (1978); *Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975); *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973). Accordingly, we must determine at the outset whether the Department is an indispensable party to the action in Count One of the plaintiff's petition for declaratory relief.

By general definition, an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Tigue v. Basalyga,* 451 Pa. 436, 304 A.2d 119 (1973). However, Section 7540(a) of the Declaratory Judgments Act, 42 Pa. C. S. §7540(a), gives us a more specialized conception of an indispensable party. That Section provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration...

With particular regard to declaratory judgment proceedings, we have held that a Commonwealth agency whose interest will be affected by a declaration, sought by a plaintiff against another, is an indispensable party. *Pleasant Township v. Erie Insurance Exchange,* 22 Pa. Commonwealth Ct. 307, 348 A.2d 477 (1975).

At least on the face of things, the Department is legally bound under the lease agreement to "save" Piper harmless from claims, liabilities, costs and expenses occasioned by the operation of the airplane. That provision conceivably could impose a substantial financial obligation on the Department, because of the lawsuits against Piper arising from the plane crash. Ostensibly, the Department purchased the insurance to have INA absorb that financial risk, in whole or part.

If plaintiff Piper obtains a declaration that INA has a legal duty to bear the burden of defending the lawsuits, then that would exonerate the Department of

legal duties it might have in that regard under the lease. If there is a declaration that INA has no such obligation, then the Department will be exposed to potential liability under the indemnification clause of the lease. Any judicial declaration, by any court, relative to INA's alleged contractual duty to bear the defense of Piper will affect an ostensible right reposing in the Department: to have that burden borne by INA pursuant to the insurance policy, instead of by the Department under the lease.

In this case, the legal relation of the Commonwealth agency to the insurance company is arguably even stronger than that in the *Pleasant Township* case, *supra*, in which the agency was a claimant against the insurance carrier's insured and was ruled indispensable for that reason. In the case at bar, the agency has a direct contractual relationship with the carrier, allegedly designed to exonerate the agency from the very duty and charge in issue.

Therefore, it must be concluded that the declaration sought by Piper against INA would affect an interest of the Department. Accordingly, we further conclude that the Department is an indispensable party to the action in Count One of the plaintiff's petition, and that we have jurisdiction to entertain that count.

Count Two of the plaintiff's petition stands on a different footing. That count is directed solely against the Department and is based exclusively on the indemnity clause in the lease, to which INA was not a party. The plaintiff argues that this Court is the tribunal to determine the Department's obligations under that clause. We conclude that must be done by the Board of Claims.

It is clear that Piper's asserted right of indemnity against the Department is contractual. Not only does that claim have its source in a written lease agreement executed by those two parties, but a right of indemnity

is by its very nature contractual. *Volta v. Markovitz Brothers,* 351 Pa. 243, 40 A.2d 388 (1945); *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 2 A.2d 831 (1938); *Murray v. Pittsburgh Athletic Co.,* 324 Pa. 486, 188 A. 190 (1936). Because Piper's case against the Department is one arising from a contract to which they are the only parties, exclusive jurisdiction over that claim is in the Board of Claims. *Vespaziani v. Department of Revenue,* 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979).

Piper urges us to entertain both counts of its petition, relying on a concept of "ancillary jurisdiction" which it sees in Section 761(d) of the Judicial Code, 42 Pa. C. S. §761(d). In that regard, the plaintiff places great emphasis on the relationship between the respective contracts in the two counts.

It is true that there is a relationship between INA's obligations under the insurance policy and the Department's obligation under the lease. The relationship is such that INA's obligations can have a direct bearing on the burden the Department will have to actually assume under the lease. We have determined that we have exclusive original jurisdiction over the plaintiff's count against INA, because the declaration sought as to that count can affect an interest of the Department. As to that count the jurisdictional issue is whether the Department is an indispensable party; and we have concluded that it is such a party.

However, the relationship between the two contracts does not have the same operation in both directions, as to give us jurisdiction over both counts. The fact that INA's obligation can affect the ultimate obligation of the Department under its lease does not confer upon this Court jurisdiction over the latter claim. Jurisdiction over that claim is reposed exclusively in the Board of Claims, as mandated by the Act of May 20, 1937, P.L. 728 §4, *as amended,* 72 P.S.

§4651-4. The original jurisdiction of this Court does not repeal, modify or supplant the jurisdiction of the Board of Claims. *E.g., Vespaziani, supra.* The plaintiff emphasizes the convenience of litigating both counts in a single action. However, that consideration cannot supply jurisdiction that is otherwise lacking.

If plaintiff Piper must litigate its two separately created contractual rights in two separate forums, that consequence is due to the fashion in which the parties structured their business dealings. That consequence should not induce this Court to ignore the boundaries of its jurisdiction.

Due to our resolution of the jurisdictional issues, there is no need to consider the procedural propriety of joining the two counts in a single petition. As to the motion for a more specific pleading, that is denied. It is our view that the plaintiff's pleading is sufficient; and if there is a need for more detailed information, it can be obtained through discovery.

ORDER

AND Now, the 24th day of July, 1980, upon consideration of the defendants' preliminary objections, it is hereby ORDERED as follows:

1. That the defendants' preliminary objections to COUNT ONE of the plaintiff's petition for review are overruled. The defendants shall have twenty (20) days from the notice of this Order in which to file a responsive pleading.

2. The preliminary objections raising a question of jurisdiction as to COUNT TWO of the petition for review are sustained; and that count is ORDERED stricken.