Fugo v. Ehlenbach

*Joseph A. Hudock Jr.,* for plaintiffs.

*Stephen A. Scheuerle* and *Alicia M. Nelson,* for defendants.

MOTTO, *P.J.,* January 31, 2011—Before the court for disposition are the preliminary objections filed on behalf of defendants Rental Insurance Services, Inc., Thomas Ehlenbach, and Renae Ehlenbach. Defendants argue that plaintiffs State Farm Mutual Automobile Insurance Co. and Angela Fugo have failed to join the United States Government as an indispensable party to their declaratory judgment action and therefore the action must be dismissed. Defendants also argue that plaintiffs have filed their complaint in an improper venue; have failed to file

their pleading with the necessary specificity; that plaintiffs' pleading is legally insufficient; and that plaintiffs have failed to comply with PA.R.C.P. § 1019(i), failure to attach the writing upon which the claim is founded. The necessary background of the dispute between the parties is as follows.

Plaintiff Fugo is a Communications and Information Specialist with the Center for Disease Control (CDC) and works in Atlanta, Georgia. Part of Ms. Fugo's responsibilities is conducting site visits to other CDC facilities throughout the country. Over the week of Monday, August 14, 2006 to Friday, August 18, 2006, Ms. Fugo and a team of CDC employees were scheduled to visit the CDC facilities in Morgantown, W.V. and Pittsburgh, Pa.

The CDC employees were scheduled to fly into Pittsburgh International Airport on Sunday, August 13, 2006 so they could attend meetings scheduled for Monday morning in Morgantown, W.V. Because the employees would need transportation from Pittsburgh to Morgantown, the CDC authorized Ms. Fugo to rent a van. Ms. Fugo was responsible for arranging the rental of the van from National Car Rental and for driving herself and her colleagues to Morgantown. Ms. Fugo, however, is originally from the Western Pennsylvania area and decided to fly to Pittsburgh on Saturday, August 12, 2006 so that she could visit friends and relatives in the area.

When plaintiff Fugo arrived at the Pittsburgh International Airport on August 12, 2006, she obtained the rental van and determined that it was too large for her personal

needs and so requested a smaller vehicle from the rental agency. She was provided with a Chevy Cavalier at no additional cost to the government and then embarked on her journey to visit friends and relatives. Ms. Fugo drove in the government rental vehicle first to Erie, Pennsylvania and then to Lackawanna, New York.

She returned to Erie the next morning and in the early afternoon proceeded back to the Pittsburgh International Airport to exchange the rental car for a van, pick up her colleagues and then transport them and herself to Morgantown, W.V. On the way back to the airport Ms. Fugo's rental car struck defendant Thomas Ehlenbach's motorcycle on State Route 19 in Mercer County while defendant Renae Ehlenbach was a passenger. As a result of the accident, the Ehlenbachs filed a tort action against Ms. Fugo and the United States d/b/a Centers for Disease Control in the United States District Court for the Western District of Pennsylvania at 2:08-CV-1100.

In the tort action against plaintiff Fugo, the Ehlenbachs alleged that Ms. Fugo had been in the course and scope of her employment while she was operating the rental car at the time of the accident. The United States of America filed a motion to dismiss the complaint against it. Magistrate Bissoon agreed and dismissed the United States as a party to the action. District Court Chief Judge Donetta W. Ambrose adopted Magistrate Bissoon's opinion and issued a final order dismissing the United States from that case.

Plaintiffs State Farm and Fugo then filed the current

action before this court asking for a declaratory judgment declaring that plaintiff Fugo is an insured of defendant Rental Insurance Services, Inc.; that Rental Insurance Services, Inc. is required to provide primary liability coverage for the accident of August 13, 2006; that Rental Insurance Services, Inc. is obligated to defend Ms. Fugo in the tort action before the United States District Court for the Western District of Pennsylvania; and that Rental Insurance Services, Inc. is required to reimburse plaintiff State Farm Mutual Automobile Insurance Company for the costs of defending Ms. Fugo in the tort action currently before the district court.

The Declaratory Judgments Act, 42 Pa. Cons. Stat. Ann. §7531 et seq. (1982), contains, as an express prerequisite to a declaratory judgment action, the joinder of certain parties. *Bolus v. United Penn Bank*, 520 A.2d 433 (Pa. Super. 1987). The prerequisite is found in section 7540 and states as follows:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding. 42 Pa. Cons. Stat. Ann. § 7540.

Pennsylvania courts have interpreted Section 7540 to be a mandatory jurisdictional prerequisite, and thus all parties with an interest in the outcome of a claim must be given an opportunity to be heard on the record. *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684, 688 (1986). Parties whose interests

will be affected by the outcome of a claim are referred to as indispensable parties.

Several characterizations of what constitutes an indispersable party have been given by Pennsylvania courts. A general definition of an indispensable party is a party whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973). Other times, the courts have relied upon Section 7540 to give a more specialized version of what constitutes an indispensable party, that being, a party who has or can claim any interest that would be affected by a declaration. *Burnham Coal Company v. PBS Coals, Inc.*, 442 A.2d 3, 5 (1982). In *Mechanicsburg Area School District v. Kline*, 494 Pa. 476, 431 A.2d 953 (Pa. Cmwlth. 1981), the Pennsylvania Supreme Court held that four criteria must be considered when determining whether a party is indispensable to a declaratory judgment action. The *Mechanicsburg* criteria are: (1) do the absent parties have a right or interest related to the claim?; (2) if so, what is the nature of that right or interest?; (3) is the right or interest essential to the merits of the issue?; and (4) can justice be afforded without violating the due process rights of absent parties? *Id.* at 956.

Perhaps most applicable to the matter sub judice is the definition of indispensable parties the Pennsylvania Supreme Court has consistently enforced in regards to declaratory judgment actions seeking determination of insurance coverage. The Supreme Court has held that where

claims are asserted against an insured, the persons asserting the claims are indispensable parties in an action on the issue of coverage between the insured and the insurance carrier. *Burnham* at 6, citing *Carlsson v. Pennsylvania General Insurance Co.,* 417 Pa. 356, 207 A.2d 759 (1965); and *Keystone Insurance Co. v. Warehousing and Equipment Corp.,* 402 Pa. 318, 165 A.2d 608 (1960).

Comparing the various characterizations of indispensable parties to the matter sub judice, it is clear to this court that the United States government is not an indispensable party to the action. Defendant Rental Insurance Services, Inc. argues that because the United States specifically the Surface Deployment and Distribution Command (SDDC), is listed as one of the parties to the contract, the SDDC is an indispensable party and plaintiff's complaint must be dismissed for failure to join an indispensable party as required by Section 7540. However, the District Court for the Western District of Pennsylvania has already adjudicated in the underlying tort action that the United States has no liability in the lawsuit because plaintiff Fugo was not in the scope of her employment. As such, the United States was dismissed from the action filed by the Ehlenbachs against plaintiff Fugo.

Having been adjudicated as having no liability and dismissed from the action, the United States has no right or interest that could be affected in the declaratory judgment action. In each of the various characterizations used in the above cited cases to describe indispensable parties, the presence of a right or interest in the action that

could be prejudiced by the declaratory judgment decision was a hallmark. The absence of such a right or interest eliminates the potential prejudice to a non-parties' claim that Section 7540 was created to guard against. Further, as has been discussed, the question of indispensability in declaratory actions based on insurance coverage is usually focused on the injured party who is suing the individual seeking the declaration of insurance coverage. As such, in the instant matter, the indispensable parties to the action are the Ehlenbachs and not the United States Defendants' preliminary objection for failure to join an indispensable party is therefore dismissed.

Defendant Rental Insurance Services, Inc. next claims that venue is improper because it is a Missouri corporation that does not regularly conduct business in Lawrence County, Pennsylvania. Under PA.R.C.P. § 1006(c)(1) an action "may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisons (a) or (b)." Defendant Thomas Ehlenbach is a resident of Lawrence County, and if he is a proper party to the action, venue against defendant Rental Insurance Services, Inc. will also be proper. The Supreme Court of Pennsylvania has consistently held that when "claims are asserted against an insured, the persons asserting the claims are indispensable parties in an action on the issue of coverage between the insured and the insurance carrier." *Burnham*, 442 A.2d at 6 (1982). Just such an action is before the court today.

Plaintiffs State Farm and Fugo are seeking a declaratory judgment that defendant Rental Insurance Services, Inc. owes a duty to defend plaintiff Fugo and to reimburse plaintiff State Farm for its defense of Fugo thus far. In an action deciding coverage of an insured, the individual asserting the claim against the insured is an indispensable party to the action and must be joined or the complaint will be dismissed for failure to join an indispensable party. *Burnham* at 6. As such, defendant Thomas Ehlenbach is a necessary party to the declaratory judgment action and venue is proper to him under PA.R.C.P. §1006(a)(1). Because venue is proper to defendant Thomas Ehlenbach, the court has jurisdiction over defendant Rental Insurance Services, Inc. under PA.R.C.P. § 1006(c)(1).

Defendants next assert that the complaint is legally insufficient under PA.R.C.P. 1019(a) because plaintiffs have not set forth any material facts to support a claim to enforce a contract between Rental Insurance Services, Inc. and plaintiff Fugo. Pennsylvania is a fact pleading jurisdiction, and PA.R.C.P. 1019(a) instructs that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." In *Baker v. Rangos*, 324 A.2d 498 (Pa. Super. 1974), the Pennsylvania Superior Court set forth a standard to determine when facts pled in a complaint are material and thus satisfy the requirements of PA.R.C.P. 1019(a). The facts set forth in a complaint must do more than simply give the defendant fair notice of the claim and the grounds on which it rests. Rather, the complaint should formulate the issue by fully summarizing the material facts. *Id.* at 505.

Material facts are ultimate facts, i.e., those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged. Allegations will withstand the challenge under §1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense. *Baker* at 505-506 (internal citations omitted).

Applying the Superior Court's standard for the sufficiency of material facts, this court concludes that plaintiff's complaint satisfies the requirements of PA.R.C.P. § 1019(a).

Examining the amended complaint, the facts essential to support the claim for declaratory judgment have been plead. The complaint alleges that at time of the accident between Fugo and the Ehlenbachs, Fugo was operating a rental vehicle rented by the United States government from National Car Rental pursuant to U.S. Government Car Rental Agreement No. 3. Plaintiffs allege that as a result of the rental agreement, Vanguard Insurance Co. had a duty to insure any government employees operating the rental vehicle. Plaintiffs further allege that based upon information and belief. Vanguard is no longer a going concern and defendant Rental Insurance Services, Inc. has purchased all of Vanguards' assets and liabilities. As a result of the alleged purchase of Vanguard, plaintiffs aver that Rental Insurance Services, Inc. owes plaintiff Fugo a duty to provide primary liability coverage for the accident

that occurred while she was operating the rental vehicle.

Based upon the above alleged facts from the Amended complaint, the court concludes that enough "material facts" were pleaded to satisfy the requirements of PA.R.C.P. § 1019(a). As the Superior Court held, plaintiff need not, and should not allege the evidence from which the material facts may be inferred, plaintiff need only aver those material facts. *Baker*, 342 A.2d at 505-506. Plaintiff has successfully averred the facts it will need to prove in order to recover, and the facts are sufficiently specific for defendants to prepare a defense. As the alleged successor to Vanguard Insurance Co., defendant Rental Insurance Services Inc. should have in its possession the information necessary to prepare a defense based on the facts as alleged by plaintiffs. Any additional information that defendant may need is obtainable through discovery.

Defendants next claim that plaintiffs have failed to plead sufficient material facts for Ms. Fugo to be legally found a third party beneficiary to the contract. Defendants' assertion is again erroneous. In *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147, 150-151 (Pa. 1992), the Pennsylvania Supreme Court adopted the Restatement (Second) of Contracts § 302 as the standard by which a third party beneficiary can be established in the commonwealth. In order for a non-party to a contract to be ruled a third party beneficiary both parties to the contract must express an intention to benefit the third party in the contract itself, unless compelling circumstances justify recognition of the beneficiary's right as appropriate to effectuate the intent

of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the performance. *Id.* at 150-151.

Applying the above standard to the facts plead in the amended complaint, plaintiffs have plead sufficient material facts for a declaration of third party beneficiary status. The U.S. Government Car Rental Agreement No. 3 that was entered into by the United States and National Car Rental was intended to provide insurance coverage to employees of the United States who were operating rental vehicles. Plaintiffs allege that Ms. Fugo was an employee of the United States at the time she was operating the rental vehicle and the vehicle was insured by Vanguard Insurance Company pursuant to the contract entered into by the United States. If Rental Insurance Services, Inc. has purchased the assets and liabilities of Vanguard as is alleged by plaintiffs, then the claim filed by plaintiffs does not lack legal merit and defendants' preliminary objections by way of demurrer is dismissed.

Defendants' final argument is that plaintiffs have failed to conform to PA.R.C.P. § 1019(i). Specifically, defendants assert that plaintiffs have failed to attach a signed copy of the car rental agreement upon which the action for declaratory judgment is based. Plaintiffs, however, have attached to the amended complaint a blank copy of United States Government Car Rental Agreement No. 3, which is alleged by plaintiffs to be a true and correct copy

of the agreement entered into by the United States and National Car Rental. Additionally, in the amended complaint, plaintiffs reproduced those portions of the rental agreement that are relevant to the declaratory judgment action. This court finds that plaintiffs have complied with the requirements of PA.R.C.P. § 1019(i). Any remaining issues related to the location of the original contract and the production thereof or the execution or formation thereof are matters to be resolved in the discovery phase of this proceeding.

In conclusion, the court holds that plaintiffs have not failed to join an indispensable party, that venue is proper, that the pleadings filed by plaintiffs have been plead with sufficient specificity, that plaintiffs' pleadings are legally sufficient, and that plaintiffs' have properly attached the writing upon which the claim is based. Therefore, for the reasons set forth in this opinion, the court must deny defendants' preliminary objections to the amended complaint for declaratory judgment.

## ORDER OF COURT

And now, January 3, 2011, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that defendant Rental Insurance Services, Inc.'s preliminary objections to the amended complaint in declaratory judgment are each overruled and dismissed. The said defendant shall file an answer to the complaint within 20 days of the date this order is docketed.