Local 302, International Association of Fire Fighters et al., Petitioners *v.* The City of Allentown et al., Respondents.

600

Argued October 7, 1980, before President Judge CRUMLISH and Judges MENCER, ROGERS, MACPHAIL and PALLADINO. Judges WILKINSON, JR., BLATT, CRAIG and WILLIAMS, JR. did not participate.

*Stephen C. Richman,* with him *Andrew L. Marko-witz* and *Quintes D. Taglioli, Markowitz & Richman,* for petitioners

*Jack I. Kaufman,* Assistant City Solicitor, for respondent, City of Allentown.

*Thomas J. Mangan, Jr.,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent, Pennsylvania Municipal Retirement Board.

OPINION BY JUDGE MACPHAIL, December 29, 1980:

We have before us for disposition cross motions for summary judgment in an action filed by Local 302, International Association of Fire Fighters, AFL-CIO (Union) and three individuals (Petitioners) against the City of Allentown (City) and the Pennsylvania Municipal Retirement Board et al. (Board).

The critical facts in this case are not in dispute. On May 25, 1969, the City adopted Ordinance No. 11576 which established a Paid Firemen's Pension Fund. Section 6.00 of that ordinance provided that any regular salaried fireman or employee of the City Fire Department who accepted the provisions of the ordinance would be entitled to certain pension benefits. On May 19, 1976, the City adopted Ordinance No. 12185 which amended Ordinance No. 11576 by providing that membership in the Paid Firemen's Pension Fund would be closed on the effective date of the new ordinance and that from that time forward paid firemen hired by the City would be bound by the provisions of the Pennsylvania Municipal Retirement Law, Act of February 1, 1974, P.L. 34, as amended, 53 P.S. §881.101 et seq. The Petitioners were hired after May 19, 1976. At the time Petitioners were hired there was a collective bargaining agreement (Agreement) be-

tween the City and the Union. Section 21 of the Agreement incorporated Ordinance No. 11576 and purported to amend the pension plan. There is no other reference in the Agreement to the Paid Firmen's Pension Fund.

The Union and Petitioners brought this action in our appellate and original jurisdiction, Sections 401 and 403 of the Appellate Jurisdiction Act.[1] They seek, inter alia, to have us declare Ordinance No. 12185 invalid and enjoin the Board from receiving any payments from the City made pursuant to the provisions of the Pennsylvania Municipal Retirement Law.

In the stipulation of facts filed by the parties, a provision is inserted that this Court has jurisdiction of the case pursuant to Sections 401 and 403 of the Appellate Jurisdiction Act. It is also provided therein that the City and the Union have agreed to waive resort to the grievance and arbitration clause in the Agreement as a means of resolving this dispute, notwithstanding the fact that the stipulation also provides that the Union has filed grievances on behalf of the Petitioners.

It is certain that jurisdiction cannot be conferred on this Court by the agreement of the parties. *Lashe v. Northern York County School District*, 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980). Accordingly, the first issue we will address is whether we have jurisdiction over any or all aspects of this suit.

I

This Court would have jurisdiction of an appeal from a final order of the Board. Section 403 of the Appellate Jurisdiction Act, now 42 Pa. C. S. §763.

---

[1] Act of July 31, 1970, P.L. 673, *formerly* 17 P.S. §§211.401 and 211.403, repealed by Section 2 of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202. Similar provisions are found in 42 Pa. C. S. §§761 and 763.

There is, however, no final order, nor any order, of the Board in the record. Accordingly, there is no basis for an exercise of our appellate jurisdiction in this case.

## II

Next, we will consider whether this case is properly within our original jurisdiction.

The Petition for Review is in the nature of a declaratory judgment proceeding. The petition alleges that the City's action in adopting Ordinance No. 12185 was a breach of the Agreement and was a refusal to bargain under the provisions of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (Act 111), *i.e.* an unfair labor practice. Also, it is contended that the City's action in adopting Ordinance No. 12185 violates Section 303 of the Pennsylvania Municipal Retirement Law (Act).[2]

If there was a breach of the Agreement, the Court of Common Pleas has jurisdiction or the parties can submit to arbitration under the terms of the agreement.[3] In any event, this Court has no original jurisdiction with respect to the alleged breach of the Agreement.

If the City's adoption of Ordinance No. 12185 constituted an unfair labor practice as alleged, the Penn-

---

[2] Act of February 1, 1974, P.L. 34, *as amended*, 53 P.S. §881.101 et seq.

[3] In *Geriot v. Borough of Darby*, Pa. , 417 A.2d 1144 (1980), our Supreme Court held that Act 111 is not to be read *in pari materia* with the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq. This means that there is no mechanism for resolution of disputes arising under collective bargaining agreements negotiated under Act 111. Therefore, dispute resolution is only as provided by the contract between the parties and resort to an arbitration clause is apparently revocable by mutual consent. *Project Builders, Inc. v. Zeiders*, 87 Dauph. 344 (1967).

sylvania Labor Relations Board has exclusive jurisdiction,[4] not this Court.

On the issue of whether the Ordinance conflicts with Section 303 of the Act, this Court would have jurisdiction of such a declaratory judgment proceeding if the Board or the various state officials named in the suit, who constitute the Board, are indispensable parties to this suit.[5] Clearly, the mere naming of the Board and its individual members does not confer jurisdiction on this Court.

The Commonwealth should not be declared an indispensable party "unless the action cannot conceivably be concluded with meaningful relief without the sovereign itself becoming involved." *Ross v. Keit,* 10 Pa. Commonwealth Ct. 375, 381, 308 A.2d 906, 909 (1973), *affirmed* 466 Pa. 576, 353 A.2d 841 (1976). The only involvement by the Board alleged in the instant case is that it gave advice to the City concerning Ordinance No. 12185 and that it has certain duties under the act.

Clearly, the mere fact that the Board gave advice to the City does not involve it sufficiently that it may be called an indispensable party in this action. We are not told that it is the Board's policy to give such advice nor are we told that the Board gave advice specifically interpreting Section 303 of the Act. Further, the mere fact that the Union seeks to have this Court construe a section of the Act that creates the Board and under which the Board functions does not, without more, make the Board an indispensible party herein.

---

[4] The Pennsylvania Supreme Court has held that Act 111 is to be read *in pari materia* with the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §211.1 et seq. *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977). Unfair labor practices are enumerated in Section 6 of the PLRA, 43 P.S. §211.6.

[5] Section 401 of the Appellate Jurisdiction Act, now 42 Pa. C. S. §763.

Having found that neither the Board nor its individual members are proper parties to this action, we necessarily conclude that we have no jurisdiction in a declaratory judgment proceeding to determine whether Section 303 of the Act and the Ordinance are in conflict.

### III

Because we have neither appellate nor original jurisdiction we must either dismiss the appeal or transfer it to another forum. As we have noted, the stipulation of facts between the parties indicates that the Union and Petitioners are pursuing grievance procedures apart from this petition. We have also noted that the Court of Common Pleas may have jurisdiction of certain aspects of this case inasmuch as the City of Allentown is a named defendant. It is clear that our procedural rules contemplate the transfer of cases where the Court wherein the action is brought has no jurisdiction. Accordingly, we will transfer this case to the Lehigh County Court of Common Pleas for further proceedings.

### ORDER

AND Now, this 29th day of December, 1980, it appearing that this Court has neither original nor appellate jurisdiction of this case, it is ordered that the case be transferred to the Court of Common Pleas of Lehigh County.