James L. Campbell et al., Appellants *v.* Castle Shannon Borough et al., Appellees.

Argued March 14, 1984, before Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for appellants.

*Timothy P. O'Reilly, McArdle, Caroselli, Spagnolli & Beachler,* for appellees.

OPINION BY JUDGE BARBIERI, June 18, 1984:

The present case is before this Court on appeal from an order of the Court of Common Pleas of Allegheny County which dismissed exceptions filed by members of the Castle Shannon Borough police department (Appellants) to a verdict of the common pleas court and the dismissal of the Appellants' action in mandamus seeking to enforce a provision of an arbitration award issued under Act 111.[1]

Paragraph five of the arbitration award which Appellants sought to enforce in their mandamus action provides that "[n]o part-time officer shall be employed or utilized unless there is a genuine emergency. Emergency will be given its usual and customary

---

[1] Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§217.1-217.10.

meaning of a sudden, unexpected and unforeseen happening over which the employer had no control. This shall not apply to school crossing guards.'' By a resolution passed August 14, 1978, the Borough advised Appellants that it would not honor this provision based on its belief that the provision was illegal. After a hearing, the common pleas court concluded (1) that Paragraph five of the award was an impermissible limitation on the powers of the Borough, and (2) that the arbitrators who issued the award were without jurisdiction to do so, since the award was issued outside the thirty-day time period mandated by Act 111. The court accordingly dismissed the complaint. Exceptions filed to this decision were dismissed and the present appeal followed.

Before this Court, Appellants challenge both grounds advanced by the common pleas court in support of its decision. Since we agree with the common pleas court's decision that the arbitrators' untimely determination may not be honored, although we are not fully in agreement with the court's reasoning, we will affirm.

Section 4 of Act 111[2] provides in pertinent part that ''[t]he board of arbitration . . . shall commence the arbitration proceedings within ten days after the arbitrator is selected and *shall make its determination within thirty days after the appointment of the third arbitrator.*'' (Emphasis added.) While this time provision is mandatory, it is not jurisdictional and, therefore, may be waived. *Borough of New Cumberland v. Police Employees of the Borough of New Cumberland,* Pa. , 467 A.2d 1294 (1983); *International Association of Firefighters, Local 463 v. City of Johnstown,* 468 Pa. 96, 360 A.2d 197 (1976). In holding that the time limitation was jurisdictional, the

[2] 43 P.S. §217.4.

common pleas court, quite understandably, relied upon our decision in *Borough of New Cumberland v. Police Employers of the Borough of New Cumberland*, 63 Pa. Commonwealth Ct. 441, 439 A.2d 849 (1981), where we so ruled prior to the Supreme Court's disposition of the appeal from our decision in that case.

While the record in this case is unclear as to when the third arbitrator was selected, it does establish that the third arbitrator was picked sometime prior to the arbitration hearing on May 10, 1978, necessarily more than thirty days before the decision of June 14, 1978. The question that remains, however, is whether or not there was a waiver of the time limitation in Section 4.

In reversing our decision in *New Cumberland*, the Supreme Court stated

> The Commonwealth Court's alternative holding, that the award is void because the arbitration board did not render a decision within thirty days of the appointment of its third member, must also be rejected. In International Association of Firefighters v. City of Johnstown, 468 Pa. 96, 360 A.2d 197 (1976), this Court held that the provision of Act 111 requiring requests for arbitration to be submitted at least 110 days prior to the start of the political subdivision's fiscal year, though "mandatory" does not preclude binding arbitration under the Act where one party's "dilatory procedure" caused the other party's inability to meet the Act's time requirements. 468 Pa. at 99, 360 A.2d at 198. Here, both party appointed arbitrators, with the approval of the board's chairman, explicity waived the thirty-day requirement in an effort to reach a mutually acceptable solution. Consistent with Firefighters, a party whose representative has acquiesced in the extension of

proceedings beyond the thirty days specified in section 4(b) may not be permitted to nullify an award rendered by the binding arbitration procedures mandated by Act 111.

*Id.* at     , 467 A.2d at 1297-8.

It remains for us to determine whether or not there was an effective waiver in this case. In this endeavor, we are limited by the failure of a record of the arbitration proceedings. Referring to the Supreme Court's admonition that "a party whose representative has acquiesced in the extension" of the time limitation in Section 4(b) "may not be permitted to nullify an award" of a panel acting under the arbitration provisions of Act 111, we note that the Borough's party-appointed arbitrator dissented from the panel's determination and, as counsel for the Borough, clearly raised the issue in the mandamus action before the common pleas court. Furthermore, there is no evidence or averment of an overt act or other conduct in the arbitration process, either by the Borough or its representative, that could be construed as a cause of acquiescence in, or waiver of, the delay. Nevertheless, it is argued by Appellants that a waiver must be enforced here based upon averments in paragraph six of the Complaint and the answer thereto.

6. That on June 14, 1978, an arbitration award was duly and properly issued by an arbitration panel appointed pursuant to Act 111 (43 P.S. §217.1 et seq). This arbitration award is attached hereto as Exhibit A.

. . . .

6. The averments of paragraph six are admitted.

The Borough counters with the contention that the admission in its answer does not admit that the award was issued lawfully. The following statement by Bor-

ough counsel appears in the record of the common pleas court proceeding:

> .... The fact that we may or might have said that the award was issued properly doesn't mean that it was issued lawfully.
>
> I would simply respond that that doesn't make a whole lot of sense to say that it was properly issued, meaning that, yes, it is lawful and you were absolutely right and then proceeding to answer five other paragraphs saying, no, you are wrong. We don't agree with the award. Clearly what we're saying is that if there was no undue influence, no chicanery, or any of those other things that exist to knock arbitration out because of the improper behavior—
>
> THE COURT: You mean no fraud or undue influence or anything untoward which would void the award?
>
> That is what we mean, Your Honor.
>
> THE COURT: The only question is whether or not the award is genuine and the arbitrators are authorized to make such an award.[3]

In our view, the allegation that an arbitration award has been properly issued is a conclusion of law[4] in any event and, in light of the record made below, and the fact that other averments in the answer which otherwise deny the validity of the arbitration would

---

[3] The common pleas court's statements at trial were made under the influence of our decision in *New Cumberland* which held, as noted above, that the time limitation was jurisdictional.

[4] It is stated in Goodrich-Amram 2d §1019(a) :12 that: "Conclusions of law have no place in a pleading, and like evidence, may be ignored .... The Rules do not expressly prohibit pleading conclusions of law they are impliedly excluded by the general limitation in Rule 1019(a) restricting the pleadings to the material facts." *See Jennison v. Aacher*, 201 Pa. Superior Ct. 583, 193 A.2d 76 (1963).

become mere nonsense if Appellants' view were accepted, lead us to conclude that there was no waiver of the type which the Supreme Court has approved in *Firefighters* and *New Cumberland.* It must be remembered that the Supreme Court in *New Cumberland* reiterated that the time provision is mandatory absent a waiver by one who objects thereto. In our opinion, such a waiver does not exist in this case.

In view of the above, since we cannot find an effective waiver of the mandatory provision in Section 4 of Act 111, we will affirm the decision of the common pleas court.[5]

ORDER

AND Now, this 18th day of June, 1984, the order of the Court of Common Pleas of Allegheny County, dated January 17, 1983, is hereby affirmed.

---

[5] Having so decided, we do not reach the question whether Paragraph 5, if timely determined, imposes a legally permissible limitation on the powers of the Borough.