**Delaware County Fraternal Order of Police, Lodge #27 v. Borough of Norwood**

*Alexander DiSantis,* for plaintiff.

*Joel S. Robbins,* for defendants Borough of Norwood and Members of the Board.

*Stephanie A. Middleton,* for defendant Timothy P. O'Reilly.

REED, JR., *J,* January 31, 1985—Plaintiff Delaware County Fraternal Order of Police filed a complaint in mandamus against defendant borough, its councilmen and their appointed arbitrator to compel them to proceed to arbitration to settle the contract dispute between the Norwood Borough Police and the borough. Plaintiff also moved for peremptory judgment on the pleadings.

Defendants have filed preliminary objections to both plaintiff's complaint and amended complaint. Resolution of the issues raised by the preliminary objections and plaintiff's motion for peremptory judgment is now before us.

Plaintiff is the duly authorized collective-bargaining agent for the Norwood Police.

Plaintiff and defendant borough commenced negotiating a new police wage contract for 1985 in May of 1984, but being unable to reach an agreement, on July 26, 1984 plaintiff called an "impasse."

Thereupon, and pursuant to the Act of June 24, 1968 P.L. 237 §4 (Act 111) (43 Pa. C.S. §217.4), plaintiff requested that the matter be submitted to arbitration.

"Section 217.4 reads in pertinent part:

(a) If in any case of a dispute between a public employer and its policemen or firemen employees

the collective-bargaining process reaches an impasse and stalemate, . . . with the result that said employers and employees are unable to effect a settlement, then either party to the dispute, after written notice to the other party . . . may request the appointment of a board of arbitration.

"For purposes of this section, an impasse or stalemate shall be deemed to occur in the collective-bargaining process if the parties do not reach a settlement of the issue or issues in dispute by way of a written agreement within 30 days after collective bargaining proceedings have been initiated. . .

"(b) The board of arbitration shall be composed of three persons, one appointed by the public employer, one appointed by the body of policemen or firemen involved and a third member to be agreed upon by the public employer and such policemen or firemen. The members of the board representing the public employer and the policemen or firemen shall be named within five days from the date of the request for appointment of such board.

If after a period of 10 days from the date of the appointment of the two arbitrators appointed by the public employer and by the policemen or firemen the third arbitrator has not been selected by them, then either arbitrator may request the American Arbitration Association . . . to furnish a list of three members of said association . . . The arbitrator appointed by the public employer shall eliminate one name from the list within five days after publication of the list, following which the arbitrator appointed by the policemen or firemen shall eliminate one name from the list within five days thereafter. The individual whose name remains on the list shall be the third arbitrator and shall act as chairman of the board of arbitration. . . ."

On July 30, 1984, plaintiff chose its arbitrator, William C. Archbold, Jr., Esq., and on August 2, 1984, defendants chose their arbitrator, Timothy P. O'Reilly, Esq.

By August 21, 1984, the arbitrators had not agreed on the third arbitrator, and the American Arbitration Association was then contacted to submit the names of three members.

On August 23, 1984, the American Arbitration Association submitted its list. On September 5, 1984, defendant struck one name, but before plaintiff could strike one, it was found that one of the two remaining arbitrators was unavailable. A second list was then prepared and submitted on September 27, 1984.

On October 3, 1984, defendant struck one arbitrator, and plaintiff struck one on October 25, 1984. The remaining and third neutral arbitrator, being chairman, proceeded to schedule arbitration hearings for December 7 and 8, 1984. However, on November 2, 1984, before any hearing could be held, defendants refused to proceed and withdrew the name of their arbitrator.

Plaintiff then filed this action to confirm defendants' appointment of Timothy P. O'Reilly, and as well to order the Borough of Norwood to proceed with the arbitration procedure.

I

Defendants answered by filing preliminary objections to plaintiff's complaint and amended complaint. Defendants raise three preliminary objections;

(A) That plaintiff's complaint must be dismissed because this court has no jurisdiction to hear the cause;

(B) That the complaint fails to set forth a cause of action, an objection in the nature of a demurrer; and

(C) That plaintiff has been guilty of laches in these proceedings and therefore the complaint must be dismissed.

These preliminary objections are without merit.

(A) Initially, defendants assert that jurisdiction of this cause does not lie in this court because this is a matter over which the Pennsylvania Labor Relations Board has jurisdiction.

In Bargaining Committee of Millbourne Borough Police v. Borough of Millbourne, Del. Co. no. 84-10151, we held that jurisdiction over matters concerning negotiations of public contracts arising under Act 111 lies in the court of common pleas, not the Pennsylvania Labor Relations Board. See, Local 302, International Association of Firefighters v. The City of Allentown, 55 Pa. Commw. 559, 423 A.2d 1119 (1980).

(B) In deciding whether or not defendants' demurrer can prevail, we accept all well pleaded facts in plaintiff's complaint as true, and then determine if plaintiff has set out a cause of action, which if tried to a conclusion would support a judgment in their favor. See Gekas v. Shapp, 469 Pa. 1, 364 A.2d. 691 (1976).

Here plaintiff has alleged the ongoing negotiations to arrive at a contract between plaintiff and defendants. They allege failure or breakdown of those negotiations; and the invocation of the procedures of Act 111 at §217.4, supra, as we have reiterated earlier in this opinion. All of this brings the cause to the present point in time where plaintiff has established a right to proceed in mandamus to compel defendant Norwood Borough to proceed. A demurrer will not lie.

(C) Defendants assert that plaintiff has delayed this matter for 23 days, from November 2, 1984 to November 26, 1984, the space of time from when defendants refused to proceed with arbitration to the date plaintiff filed this action.

Defendants allege that this 23 days is laches because they were compelled to adopt the 1985 borough budget without negotiating a new contract with plaintiff. The 1985 budget defendants adopted is based upon their proposed police contract, which proposal had been rejected by plaintiff, hence the reason for calling for arbitration in the first place.

Defendants' argument is fundamentally illogical. The delays of which defendants complain have all originated because of defendants' refusal and failure to proceed, not plaintiff's.

Defendants' application of the doctrine of laches presents a misconception of the doctrine. Laches is an equity doctrine, and the equity maxim, "He who demands equity, must do equity," precludes defendants from claiming laches.

We will overrule defendants' preliminary objections.

## II

Turning to plaintiff's motion for peremptory judgment, Pennsylvania Rule of Civil Procedure 1098 provides:

"At any time after the filing of the complaint, the court may enter judgment if the right of plaintiff thereto is clear, . . ."

Plaintiff's right is clear. The fact is that defendants have engaged in a course of conduct to frustrate plaintiff's rightful use of the remedies of Act 111. The time has come to compel defendants to proceed so that an employment agreement may be achieved with their police department.

When an impasse or stalemate develops, the provisions of Act 111 come into play, and plaintiff's request for arbitration has followed precisely the provisions of that act. See Local 302, supra.

Defendants, however, argue that they do not have to arbitrate because the time requirements for choosing arbitrators and proceeding to arbitration is mandatory and conclusive. This argument just makes no sense. To say it does means that the whole matter is at the whim of one party. That is not so.

In defendants' demurrer to plaintiff's complaint, they admitted that they withdrew their arbitrator. That single action stopped the American Arbitration Association from proceeding and frustrated implementation of the provisions of Act 111. Defendants cannot now be heard to say "now we do not have to arbitrate because the time to do so has gone by."

Defendant cites Campbell v. Castle Shannon Borough, 83 Pa. Commw. 264, 476 A.2d 1018 (1984), as controlling. That is not so; the time limitations therein apply only to the filing of a decision by the board of arbitrators, which must be done within 30 days after the appointment of the third arbitrator. It does not apply to the arbitrator selection process.

Police and firemen have an unquestioned right to have a written contract of employment and an absolute right to bargain collectively with their public employers to get it, Act 111(a) §1 (43 Pa.C.S. §217.1). Arbitration is an essential tool in support of this right.

Whether to arbitrate or not to arbitrate is not in the hands of one party, for the law requires arbitration. One party cannot frustrate the law and thereby deprive the other party of his right to collectively bargain for his contract.

What these defendants have done is so far out of step with the law and the public policy of this Commonwealth as to shock our sense of right and justice and to raise serious question about the named defendant, councilmen's execution of their public duty and obedience to their oaths of office.

## ORDER

And now, this January 31, 1985, it is hereby ordered and decreed that the preliminary objections of defendants and plaintiff's complaint in mandamus are hereby overruled.

It is furthered ordered that peremptory judgment in this suit be and is hereby entered in favor of plaintiff and against defendants.

Accordingly, defendants are hereby ordered and directed to forthwith confirm their arbitrator and to proceed to arbitration in this contract dispute between plaintiff and defendants within five days from the date of this order.