619 A.2d 807

**MILL SERVICE, INC., Appellant,**

v.

**CRY, INC., Gary and Diana Steck, David C. and Carol Rupp, Raymond Rupp, Herman and Carol Lee Gardner, John and Eleanor Ondrejko, Antoinette Bazala, Tim Kautz, Carl and Joan Kodrin, Peter and Hattie E. Seaton, Anthony Sr. and Melbry Bolk, and Commonwealth of Pennsylvania, Department of Environmental Resources, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1992.

Decided October 30, 1992.

Publication Ordered Jan. 20, 1993.

14

Thomas M. Reiter, for appellant.

Robert P. Ging, Jr. and David Gallogly, for appellees, Cry, Inc. et al.

Diana J. Stares, for amicus curiae, Dept. of Environmental Resources.

Before CRAIG, President Judge, and DOYLE, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN, and KELLEY, JJ.

FRIEDMAN, Judge.

Mill Service, Inc. (MILL), the operator of an industrial waste treatment, storage and disposal facility in Westmoreland County, filed this interlocutory appeal[1] from an order of the Court of Common Pleas of Westmoreland County. This order, which denied MILL's motion to dismiss an action brought against it by the Concerned Residents of Yough, Inc. and certain individual members of CRY, Inc. (collectively, CRY), determined that the Pennsylvania Department of Environmental Resources (DER) was an indispensable party to the

---

1. On January 9, 1992, this court granted MILL's Petition for Review which was filed pursuant to the note to Pa.R.A.P. 1311 and to Chapter 15 of the Rules of Appellate Procedure.

action,[2] and granted CRY leave to amend its complaint to join DER as an indispensable party while retaining jurisdiction in the Court of Common Pleas. We hold that DER is not an indispensable party and reverse on that issue.

In May 1990, CRY filed suit against MILL in the Court of Common Pleas of Westmoreland County alleging various statutory and common law violations by MILL at its Yukon facility in Westmoreland County.[3] The case was removed to federal court; the federal count was dropped, and the case was remanded to the Court of Common Pleas.

Subsequently MILL filed preliminary objections to the Amended Complaint which included a request to dismiss the Complaint for failure to join an indispensable party, namely DER. The trial court sustained some of the preliminary objections and denied others. Regarding the joinder of DER, the trial court found that CRY's complaint sought relief which would necessarily involve DER and that DER was an indispensable party to the suit. However, the trial court retained jurisdiction on the theory that inclusion of DER would not deprive the Court of Common Pleas of jurisdiction in a citizen suit.[4] CRY then joined DER as an involuntary plaintiff, and

2. The history of this case includes a Complaint in Equity which DER filed against MILL before this court on May 24, 1985. That Complaint sought correction of certain environmental conditions and correction of violations of various environmental laws including the Clean Streams Law, the Air Act and the Solid Waste Management Act. On the same day that DER filed the Complaint, DER and MILL entered into a Consent Order which was approved by the Commonwealth Court on August 15, 1985.

3. At its Yukon facility, MILL receives, treats, stores and disposes of a variety of industrial wastes, including spent pickle liquor generated by the iron and steel industry. Although six surface impoundments for the disposal of wastes are located at the Yukon Facility, only one, Impoundment No. 6, is presently active.

4. Several Pennsylvania environmental statutes provide that "citizens" have the right to commence civil actions to prevent or abate violations of the laws and confer jurisdiction of those suits on the courts of common pleas. See the Hazardous Sites Cleanup Act, Act of Oct. 18, 1988, P.L. 756, as amended, 35 P.S. § 6020.1115, the Air Pollution Control Act, Act of January 8, 1960, P.L. (1959) 2119, as amended, 35 P.S. § 4010(f), and The Clean Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. § 691.601(c), (e).

this appeal followed.[5]

██ MILL argues that DER should have been joined as an indispensable party defendant rather than as an involuntary plaintiff and that this action must be transferred to Commonwealth Court.[6] MILL contends that the trial court has attempted to usurp the legitimate exclusive and original jurisdiction of the Commonwealth Court over actions against Commonwealth governmental agencies by permitting joinder of DER as an involuntary plaintiff and retaining jurisdiction. On the other hand, CRY and DER argue that DER is not an indispensable party to this action. We agree that DER is not an indispensable party.

██ Our scope of review of a trial court decision is limited to a determination of whether constitutional rights have been violated or whether the trial court committed an error of law or abused its discretion. *Jackson v. Southeastern Pennsylvania Transportation Authority*, 129 Pa.Commonwealth Ct. 596, 566 A.2d 638 (1989) *appeal denied*, 527 Pa. 656, 593 A.2d 426 (1990).

The trial court relied on *Action Coalition of Elders v. Allegheny County Institution District*, 493 Pa. 302, 426 A.2d

Because we hold that DER is not an indispensable party we do not address the issue of whether the citizen suit provisions of the environmental statutes would permit the trial court to retain jurisdiction or whether a finding that DER is an indispensable party would require dismissal or transfer to this court.

5. DER filed an amicus curiae brief because of its nebulous, unsettled position in the case and also filed preliminary objections to its joinder as an involuntary plaintiff which have not been ruled upon because the Westmoreland County proceeding was stayed pending our determination of this interlocutory appeal.

6. Pursuant to section 761 of the Judiciary Code, 42 Pa.C.S. § 761, Commonwealth Court has original jurisdiction over suits in which the Commonwealth is a party. This court's jurisdiction is exclusive if the Commonwealth is the defendant but is concurrent with that of the Court of Common Pleas if the action is brought *by* a Commonwealth agency. *Bethlehem Steel Corp. v. Commonwealth*, 3 Pa.Commonwealth Ct. 616, 618, 284 A.2d 851, 853 (1971). When the Commonwealth is an indispensable party the jurisdiction of the Commonwealth Court is normally exclusive. *Keitt v. Ross*, 17 Pa.Commonwealth Ct. 183, 331 A.2d 582 (1975). Apparently in an effort to avoid the jurisdictional issue, CRY joined the DER as an involuntary plaintiff.

560 (1981), and held that DER must be considered an indispensable party. *Action Coalition* attempted to reformulate the traditional indispensable party rule and apply a test balancing the interests of the plaintiff, the defendant, the absentee and society. *Action Coalition* was a plurality decision of our Supreme Court which reflected shared concern over the indispensable party rule but lacked precedential value. *Pennsylvania Dental Association v. Insurance Department*, 126 Pa. Commonwealth Ct. 628, 560 A.2d 870 (1989); *Pennsylvania State Education Association v. Department of Education*, 101 Pa.Commonwealth Ct. 497, 516 A.2d 1308 (1986). Subsequent to *Action Coalition* we stated that

> the joinder of the Commonwealth where it is only tangentially involved is improper. *Scherbick v. Community College of Allegheny County*, 479 Pa. 216, 387 A.2d 1301 (1978). Moreover, a Commonwealth agency should not be declared an indispensable party unless meaningful relief cannot conceivably be afforded without the sovereign itself becoming involved. *Springdale Township v. Allegheny County Board of Property Assessment*, 78 Pa.Commonwealth Ct. 100, 467 A.2d 74 (1983).

*Pennsylvania State Education Association*, 101 Pa.Commonwealth Ct. at 501, 516 A.2d at 1310.

In *Royal Indemnity Company v. Department of Environmental Resources*, 39 Pa.Commonwealth Ct. 322, 395 A.2d 641 (1978), the surety on a bond sought relief from this court over what it perceived to be conflicting demands of DER and a trial court. We held that jurisdiction was properly in the Court of Common Pleas of Allegheny County because DER's interest did not rise to the level of an indispensable party since meaningful relief could be granted without joining DER. *Id.* In *Royal Indemnity*, DER's interest was in seeing that the removal of a sanitary sewer line did not violate The Clean Streams Law,[7] and we held that the trial court's removal order could not be interpreted as compelling any violation of The Clean Streams Law.

7. Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §§ 691.1–691.1001.

In the case *sub judice*, the trial court looked to whether proceeding without DER would result in duplication of the requirement to defend or whether there would be an incomplete disposition of the matters. In addition, the trial court considered the impact of the relief sought on DER. The trial court concluded that "the *potential* exists for a decision that would require duplication of defenses [and] . . . an incomplete and confusing disposition *could* result" (trial court op. at 8) (emphases added) and that some of the relief sought would require the involvement of DER. CRY and DER, on the other hand, argue that

> the substantive relief requested is all directed toward Mill Service. What the Plaintiffs primarily want is to have Mill Service remediate any contamination to more stringent levels, to have Mill Service cease operation of the Yukon facility, and to have Mill Service compensate the residents for personal injuries and property damages. In order for the Court to grant this relief, it is not necessary for the Department to be a party to this lawsuit. To borrow the language of the *Elders* court, relief can be given without the presence of the sovereign.

Brief of Amicus Curiae, Commonwealth of Pennsylvania, Department of Environmental Resources, footnote 4, at 8. *See also* Brief of Appellees Concerned Residents of the Yough, Inc. (Cry, Inc.) et al., at 16, 17.

We conclude that the trial court based its determination on an undesirable amount of speculation. As a plurality decision, *Action Coalition* is not binding precedent; therefore, the trial court should not have felt compelled to apply *Action Coalition's* balancing test, but instead should have referred to the standard which we have enunciated that an indispensable party's rights must be so closely connected to those of the litigants that an order or decree cannot be made without impairing those rights. *Pennsylvania Dental Association*, 126 Pa.Commonwealth Ct. at 635, 560 A.2d at 873. In this vein we have stated, "a Commonwealth agency should not be declared an indispensable party unless meaningful relief can-

not conceivably be afforded without the sovereign itself becoming involved." *Pennsylvania State Education Association,* 101 Pa.Commonwealth Ct. at 501, 516 A.2d at 1310.

■  DER is only tangentially involved in this lawsuit; it is neither necessary nor indispensable to a fair and complete resolution of the parties' rights and responsibilities. The Court of Common Pleas of Westmoreland County is capable of granting meaningful relief and has jurisdiction over this matter.

Accordingly, we hold that DER is not an indispensable party and reverse the trial court's order directing the plaintiffs to join the Commonwealth of Pennsylvania, Department of Environmental Resources as an indispensable party.

### ORDER

AND NOW, this 30th day of October, 1992, the order of the Court of Common Pleas of Westmoreland County that the Commonwealth of Pennsylvania, Department of Environmental Resources be joined as an indispensable party is hereby reversed.

PALLADINO and PELLEGRINI, JJ., concur in the result only.

KELLEY, J., did not participate in the decision in this case.