## Martin v. Rite Aid of Pennsylvania, Inc.

*Stephen A. Corbman*, for appellant.
*Stephen J. Alexander*, for appellees.

TERESHKO, *J.*, April 16, 2013—

## PROCEDURAL HISTORY

Plaintiff, Joseph Martin, appeals an order dated September, 27, 2012, wherein this court sustained defendants Rite Aid of Pennsylvania, Inc. and North Broad Development Company's preliminary objections and dismissed plaintiff's complaint for failing to join an indispensible party.

## FACTUAL BACKGROUND

On May 16, 2010, plaintiff Joseph Martin (hereinafter called "Martin") was a patron/business invitee of a Rite Aid store located at 2131 N. Broad Street Philadelphia, PA 19141 (hereinafter called the "property.") (*See* complaint at ¶ 4). At all times material to this action, North Broad Development Company (hereinafter called "NBDC") owned and controlled the property, and acted as landlord/

lessor for Rite Aid. *Id.* at ¶ 3. On the aforementioned date, plaintiff Martin was allegedly robbed and assaulted by three males on the property and suffered bodily injury. *Id.* at ¶¶ 5 and 8.

Plaintiff commenced this action against Rite Aid of Pennsylvania, Inc. (hereinafter called "Rite Aid, Inc.") and NBDC when he filed his complaint on July 11, 2012; however, plaintiff did not name his alleged attackers as defendants. (*See* docket). Plaintiff brings three counts in his complaint: count I is for negligence against Rite Aid, Inc.; count II is for negligence against NBDC; count III is for punitive damages against both defendants. (*See* complaint at ¶¶ 6-23).

Defendants Rite Aid, Inc. and NBDC filed preliminary objections to plaintiff's complaint on August 14, 2012. (*See* docket). Defendants asserted that the plaintiff's complaint should be dismissed for failing to join the three males who allegedly assaulted and robbed the plaintiff per Pa.R.C.P. 1028(a)(5). (*See* defendant's preliminary objections at ¶ 64). Defendants asserted that without the assailants, at least two of whom have been identified, there would have been no injury and thus there could be no negligence claims against Rite Aid, Inc. and NBDC. *Id.* at ¶ 70.

On August 31, 2012, plaintiff filed his answer to the preliminary objections. (*See* docket). Plaintiff contended that the police apprehended two alleged assailants, one of whom was arrested but not charged. The third individual was apprehended and charged but not tried, nor convicted nor did he plead. (*See* plaintiff's answer to preliminary objections, memorandum of law at pg. 1). Plaintiff

asserted that he is not compelled to join or sue unidentified or presumably innocent individuals. *Id.*

On September 27, 2012, this court issued an order sustaining defendant's preliminary objections and dismissing plaintiff's complaint with prejudice for failing to join an indispensible party under Pa.R.C.P. 1028(a)(5). (*See* docket). On October 24, 2012, plaintiff appealed this order to the Superior Court of Pennsylvania. *Id.* Plaintiff was ordered to file his concise statement of errors complained of on appeal on November 5, 2012. *Id.* Plaintiff filed his 1925(b) statement on November 20, 2012. *Id.*

The sole issue to be addressed on appeal is whether this court committed an error by dismissing plaintiff's complaint when he failed to join essential parties per Pa.R.C.P. 1028(a)(5).

## LEGAL ANALYSIS

Pursuant to Pennsylvania Rule of *Civil Procedure* 1028(a)(5), failure to join a necessary party may be raised by preliminary objection. A party is considered indispensable to a law suit "when its rights are so connected with the claims of the litigants that no decree can be made without impairing its rights, and it must be made party to protect such rights." *Grimme Combustion, Inc. v. Mergentime Corp.*, 406 Pa. Super. 620, 629, 595 A.2d 77, 81 (1991). "The absence of an indispensible party renders any decree or order in the matter void for lack of jurisdiction." *Hubert v. Greenwald*, 1999 Pa. Super. 328, 743 A.2d 977, 979-80 (1999). "The basic inquiry in determining whether a party is indispensible concerns whether justice can be done in the absence of a third party." *Id.* For an accurate analysis,

the court must "refer to the nature of the claim and the relief sought." *Id.*

The Pennsylvania appellate courts have outlined the following guidelines for determining whether a party is indispensible:[1]

(1) Do absent parties have a right or interest related to the claim?

(2) If so, what is the nature of the right or interest?

(3) Is that right or interest essential to the merits of the issue?

(4) Can justice be afforded without violating due process rights of the absent parties?

*Hubert v. Greenwald*, 1999 Pa. Super. 328, 743 A.2d 980 (1999). *See also E-Z Parks, Inc. v. Philadelphia Parking Authority*, 103 Pa. Cmwlth. 627, 631, 521 A.2d 71, 73 (1987) and *Mechanicsburg Area School Dist. v. Kline*, 494 Pa. 476, 481 (1981).[2]

In *Hubert v. Greenwald*, 1999 Pa. Super. 328, 743 A.2d 977 (1999), plaintiff/appellant Hubert sustained injury in a slip and fall accident on the premises of a restaurant. Hubert commenced legal action against Barry and Virginia Greenwald alleging that they were liable as the owners of the restaurant at the time of the accident.

---

1. These guidelines are commonly referred to as the *Mechanicsburg* criteria, *Mechanicsburg Area School Dist. v. Kline*, 494 Pa. 476 (1981).

2. Plaintiff avers that the four pronged test is only applicable in Equity Actions. (*See* plaintiff's answer to defendant's preliminary objections ¶¶ 72-79). This statement is in error. The appellate courts have utilized this test in non-equity actions, such as *Hubert, supra. Hubert* was a personal injury case sounding in negligence, similar to the underlying action.

*Id.* at 978-979. Defendants/appellees the Greenwalds filed preliminary objections alleging that the Huberts failed to join an indispensible party, Mr. Albert Bonavita, Jr.. *Id.* at 979. The Greenwalds asserted that per a prior agreement, Mr. Bonavita had assumed control and possession of the restaurant. *Id.* The trial court found this to be accurate. After numerous motions from the parties involved, the trial court sustained the preliminary objections holding in part that Hubert failed to join an indispensible party. *Id.*

In conducting its indispensible party analysis, the Superior Court adopted the rationale of the trial court. *Id.* at 980. The court reasoned that Mr. Bonavita held a direct and substantial interest in the litigation because he was the solely liable party and his assets were subject to judgment should Hubert prevail. *Id.* Therefore, the trial court properly granted defendant's preliminary objections for failure to join an indispensible party.

In *Cry, Inc. v. Mill Service, Inc.* 536 Pa. 462, 640 A.2d 372 (1994), the Pennsylvania Supreme Court addressed the issue of indispensible parties. The concerned Residents of Yukon, Inc. (CRY) brought suit against Mill Services, Inc., alleging harm caused by the operation of Mill Services' Yukon plant, which treats and stores hazardous waste. *Id.* at 464 and 373. The trial court in Westmoreland County issued an order requiring CRY to file an amended complaint joining the Department of Environmental Resources (DER). *Id.* at 465 and 373. The trial court held that DER was an indispensible party because "some of the relief necessarily involves DER." *Id.* at 467 and 375. Furthermore, the trial court opined that "there could be a duplication of the requirement to defend and, more importantly, a confusing and incomplete disposition which

would prejudice the defendant." *Id.* The Commonwealth Court reversed this holding. *Id.*

The Commonwealth Court applied the following test to determine what constitutes an indispensible party; "An indispensible party's rights must be so closely connected to those of the litigants that an order or decree cannot be made without impairing those rights." *Mill Serv. v. Cry, Inc.,* 153 Pa. Commw. 13, 18; 619 A.2d 807, 810 (Pa. Commw. Ct. 1992). The Commonwealth Court opined that a "Commonwealth agency should not be declared an indispensible party unless meaningful relief cannot conceivably be afforded without the sovereign itself becoming involved." *Id.* The Commonwealth Court averred that "DER is only tangentially involved in this lawsuit; it is neither necessary nor indispensible to a fair and complete resolution of the parties' rights and responsibilities. *Id.* at 19 and 810.

The Pennsylvania Supreme Court revisited some of its prior holdings in order to demonstrate the evolution of the test employed by the Commonwealth Court in determining whether a party is indispensible.

> In *Scherbick v. Community College of Allegheny County,* 479 Pa. 216, 220, 387 A.2d 1301, 1303 (1978), this court stated: In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction. *Cry,* 536 Pa. 462, 468; 640 A.2d 372, 375 (1994).

The traditional indispensable party rule as requiring

that "a court should not adjudicate a case if an absentee was so closely related to the matters in dispute that further litigation would probably be required to define the position of the absentee or to protect the defendant." It was suggested that the best way to determine whether an absentee is so closely related is to balance the interests of the plaintiff, the defendant, the absentee and society's interest in the orderly and efficient administration of justice. *Cry* quoting *Action Coalition v. Allegheny County Institution District*, 493 Pa. 302, 311, 426 A.2d 560 (1981)

Five months after *Action Coalition*, this court decided *Mechanicsburg Area School District v. Kline*, 494 Pa. 476, 431 A.2d 953 (1981). *Id.* The Supreme Court concluded its analysis stating:

It is apparent that the basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of a third party, and further, that this issue can be formulated in several different ways. Since this court's latest formulation appears in *Mechanicsburg*, that formulation defines the appropriate analysis. *Id.* at 469 and 376.

The Pennsylvania Supreme Court, in reversing the Commonwealth Court, and affirming the trial court, reiterated its support for the *Mechanicsburg* criteria. *Id.* In applying the criteria, the Supreme Court opined that DER, an absent party, had a right or interest related to claim because "DER is the agency of government responsible for regulating harmful pollution of the kind alleged in the lawsuit." *Id.* at 469 and 376. Second, DER's "regulatory activity and authority may be affected by the

adjudication of this lawsuit." *Id.* Third, when determining if DER's interest was essential to the merits of the issue, the court opined "because DER's regulatory activity may be affected by an order entered in this case, and because compliance with that order may require the cooperation of DER, its interest is essential." *Id.* Finally, as to the question of whether justice could be afforded without DER's presence, the court determined that "if DER were not party to this suit, it may withhold permits necessary to carry out remedies which may be ordered or it may seek to commence a multiplicity of actions in which in which the same or related matters are at issue." *Id.* Therefore, the court concluded DER was an indispensible party. *Id.*

In applying the *Mechanicsburg* criteria to the underlying action, it becomes readily apparent that the three males that attacked the plaintiff are indispensible parties. The first question is whether the absent parties have a right or interest related to the claim. The answer is in the affirmative. The three assailant's actions in attacking the plaintiff created the dangerous condition resulting in the injury for which plaintiff seeks relief. In a simplistic form, without the three assailants, there would have been no injury.[3] The three males have a right or interest in the claim.

Second, we must inquire as to the nature of the right or interest of the absent party. Without the actions of the three assailants, the plaintiff would not have sustained injury.

---

3. Plaintiff's underlying legal basis for his claims against defendants Rite Aid, Inc. and NBDC comes from *T.A. v. Allen*, 447 Pa. Super. 302 (1995). In *T.A.*, the court determined that a possessor of land who holds his land open to the public for entry for business purposes is generally liable for the injuries suffered by those invitees caused by the harmful acts of third parties.

Furthermore, the defendants would be unable to seek contribution or indemnification if these three males were not parties to the suit. Because of the nature of the absent individuals' involvement in the attack, their presence is essential to the merits of the case and the establishment of a timeline for the case.

Finally, justice cannot be afforded without violating the due process rights of the absent parties. As in *Hubert, supra.* 743 A.2d 980, the absent party held a direct and substantial interest in the litigation because he was the solely liable party and his assets were subject to judgment should the plaintiff prevail. Likewise, the absent parties here have a direct and substantial interest because they caused plaintiff's injuries and their assets could be subject to judgment should plaintiff Martin prevail. Thus, this court determined plaintiff failed to join indispensible parties. As a result, the court may order joinder of the indispensible party or grant defendant's preliminary objections if the applicable statute of limitations has passed.

Pa.R.C.P. 2232 (c) dictates that at "any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined." However, "this general authorization is subject to the limitation that a party defendant cannot be joined after plaintiff's action against said defendant has been barred by the statute of limitations." *Paden v. Baker Concrete Constr.*, 437 Pa. Super. 59, 61 (Pa. Super. Ct. 1994) *citing* to Goodrich-Amram 2d § 2232(c):3: "The power granted in subdivision (c) or *Rule 2232* is necessarily limited by the statute of limitations. A person cannot be joined as a plaintiff, regardless of how indispensable he

might be, if the statute would bar him from bringing an independent suit. If a person is truly indispensable, his non joinder is a fatal defect. If he is not indispensable, the action may proceed without him."

In Pennsylvania, a cause of action for negligence is controlled by a two year statute of limitations. 42 Pa. C.S.A. § 5524 reads as follows: The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

The statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Id.* Citing *Cappelli v. York Operating*, 711 A.2d 481, 484 (Pa. Super. 1998).

Plaintiff Martin was allegedly robbed and assaulted by three males on the Rite Aid property on May 16, 2010, suffering bodily injury. (*See* complaint at ¶ 5). Per 42 Pa. C.S.A. §5524, he was required to commence his action against the three assailants by May 16, 2012; therefore the statute of limitations for his claims against the three males has lapsed and they cannot be joined in the underlying action.

Plaintiff's failure to join the three males as indispensible parties under Pa.R.C.P. 1028(a)(5) was a fatal flaw. They cannot be joined as the statute of limitations has lapsed. Therefore, plaintiff's claim was dismissed with prejudice.

## CONCLUSION

For the forgoing reasons, this court respectfully requests its decision sustaining defendant's preliminary objections and dismissing plaintiff's complaint with prejudice be affirmed.